# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE J. VAN DE KAMP, et al. | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO. 16-cv-02768 |
| TRANSDERMAL | : | |
| SPECIALTIES, INC., et al. | : | |
| Defendants. | : | |

## **MEMORANDUM & ORDER**

Plaintiffs Theodore and Patricia van de Kamp (collectively, the "Plaintiffs)[1] filed the instant action alleging violations of the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Pennsylvania's Minimum Wage Act ("PMWA"), 43 P.S. § 33.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), as well as for breach of contract, unjust enrichment, and FLSA retaliation. Doc. No. 19 (First Am. Compl.). Defendants Transdermal Specialties, Inc., Bruce K. Redding, Jr., Bruce K. Redding, Jr. Intellectual Property Trust, and Transdermal Specialties Global, Inc. (collectively, the "Defendants") responded with five counterclaims against Plaintiff Theodore van de Kamp ("Mr. van de Kamp"), including breach of fiduciary duty, unjust enrichment, conversion, misappropriation of trade secrets, and fraud. Doc. No. 44 (Defs. Answer to First Am. Compl.).

Before me is the Defendants' omnibus motion *in limine*, requesting (1) the limitation of Plaintiff Patricia van de Kamp's ("Mrs. van de Kamp") testimony by excluding evidence of nonpayment for work she allegedly performed, (2) the preclusion

---

[1] After the complaint was filed, Richard M. Coan, by stipulation, was added as a plaintiff/real party in interest, as the Bankruptcy Trustee of the Estate of Theodore J. van de Kamp and Patricia van de Kamp. Doc. No. 33.

of any evidence that Defendants willfully violated the FLSA, (3) the exclusion of testimony by Yocheved Shmuely and Debra Hackett, and (4) the preclusion of documents related to Yocheved Shmuely and Debra Hackett. Doc. No. 85.

**Evidence of non-payment for work will be admitted.**

Defendants argue that Mrs. van de Kamp should not be permitted to present any evidence of "non-payment for work she allegedly performed" because she voluntarily withdrew her wage claims, leaving only her unjust enrichment claim remaining. Doc. No. 85, at 3. Plaintiffs counter that Mrs. van de Kamp's testimony should not be precluded because evidence about the Defendants' nonpayment is relevant to both her unjust enrichment claims and to Mr. van de Kamp's defense against the various counterclaims. Doc. No. 92, at 3–4. I agree.

To establish a claim for unjust enrichment in Pennsylvania, the plaintiff must establish that "(1) plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit." *Comm. ex rel. Pappert v. TAP Pharm. Prod., Inc.* 885 A.2d 1127 (Pa. Commw. Ct. 2005) (citing to *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. 1993); *see also Shared Comm. Services of ESR, Inc. v. Goldman, Sachs & Co.*, No. 2379 EDA 2016, 2017 WL 3933337, at *5 (Pa. Super. Sept. 8, 2017) (not precedential) (citing to *Mitchell v. Moore*, 729 A. 2d 1200, 1203 (Pa. Super. 1999)). Because nonpayment for work performed is relevant to the third prong of an unjust enrichment claim, Mrs. van de Kamp's testimony will not be excluded.

**Evidence of the defendants' willful non-payment of wages will be admitted.**

The Defendants also ask that any evidence of damages beyond the "non-willful statutory damages" under the FLSA be precluded.[2] Doc. No. 85, at 4–6. In non-willful violation cases, the FLSA's limitations period is two years. *See Souryavong v. Lackawanna Cty.*, 872 F.2d 122, 126 (3d Cir. 2017) (citing to 29 U.S.C. § 255(a)). When the violation is willful, this period is extended to three years. *Id.* Plaintiffs argue that there is sufficient evidence that the Defendants willfully violated the FLSA, citing to Defendants failure to pay an agreed-upon salary, the amount Mr. van de Kamp was paid, the testimony of two former employees (Yocheved Shmuely and Debra Hackett) who are owed unpaid wages, an email accusing Mr. Redding of using company funds for personal expenses when employees were not paid, and an email raising issues of previous misclassifications of employees as consultants in violation of the law.[3]

Recent Third Circuit case law suggests that a finding of "willfulness" under the FLSA is a question of fact for the jury. *See, e.g.*, *Souryavong*, 872 F.2d at 126.[4] To establish willfulness, the plaintiff must prove that the employer "'knew' its conduct was

---

[2] In the alternative, the Defendants request that Plaintiffs "not be permitted to present evidence of its expansive damages claim **unless and until** it is formally and finally determined by the Court that [Mr. van de Kamp] has presented sufficient evidence to support a finding of 'willfulness' under Third Circuit precedent and binding case law." *Id.* at 6 (emphasis in original).

[3] Plaintiffs also argue that because of their breach of contract claims, the jury will hear evidence of damages going back four years (applicable limitations period for breach of contract claims), and therefore the Court need not reach the merits of Defendants' request. Pl. Br. at 4. However, according to Plaintiffs' Pretrial Memorandum the damages for their FLSA claims (broken down by minimum wage and overtime) are different from the damages related to the breach of contract claim (broken down by unpaid salary). Doc. No. 81, at 9–16. Because the evidence of damages differ, I must reach the substance of this issue.

[4] Plaintiffs correctly note that some previous Third Circuit cases classified "willfulness" as a question of law. Pl. Br. at 5 (citing to *Martin v. Selker Bros.*, 949 F.2d 1286, 1292 (3d Cir. 1991)); *see also Acosta v. Osaka Japan Restaurant, Inc.*, No. 17-1018, 2018 WL 3397337, at *11 (E.D. Pa. July 12, 2018) ("Third Circuit cases have differed on whether willfulness is a question of law or fact, with recent cases tending to describe the issue as one of fact.").

prohibited by the FLSA or 'showed reckless disregard for the matter.'" *Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)) (affirming district court's finding no evidence of willfulness on a Rule 50(a) motion). "Acting only 'unreasonably is insufficient—some degree of actual awareness is necessary." *Id.* (citing *McLaughlin*, 486 U.S. at 135 n.13). The Plaintiffs will be allowed to present evidence on the issue of willfulness. Throughout the course of this litigation, the Defendants have not moved to strike Plaintiffs' claim for a willful violation of the FLSA; they filed neither a motion to dismiss or motion for summary judgment on the issue. In the event the Plaintiffs fail to satisfy their burden at trial, Defendants may make any appropriate objection (such as to inclusion of certain evidence) and/or file any appropriate motions (such as a motion for a judgment as a matter of law on the issue of willfulness).

> **Testimony (and related documents) from witnesses Yocheved Shmuely and Debra Hackett will be admitted in part and excluded in part.**

Finally, Defendants request that the testimony, and related documents, of Yocheved Shmuely and Debra Hackett be excluded. Doc. No. 85, at 7–11. Defendants argue that (1) the proposed testimony is not relevant and would cause confusion, (2) Plaintiffs' failure to previously alert Defendants to these witnesses is an undue surprise, and (3) their testimony would include impermissible hearsay and character evidence. *Id.* Plaintiffs respond that Ms. Shmuely's and Ms. Hackett's proposed testimony is probative of the Plaintiffs' retaliation claim, a willful violation of the FLSA and PMWA, rebuttal of the counterclaims.[5] Doc. No. 92, at 8–11. Second, Plaintiffs argue that

---

[5] With regard to the documents, Plaintiffs argue that the emails are relevant evidence that Defendants' "dire financial circumstances" are not Mr. van de Kamp's fault, but rather due to Mr. Redding's "mismanagement and improper conduct." Doc. No. 92, at 11.

4

Defendants did not establish any of the factors, enumerated in *Meyers* and *Konstantopoulous*,[6] to exclude evidence. *Id.* at 9–10. Third, Plaintiffs contend that any testimony regarding then-Chief Financial Officer ("CFO") Christian Limbert would not constitute inadmissible hearsay[7] or character evidence. *Id.* at 8–11.

All relevant evidence is admissible unless otherwise provided by law. Fed. R. Evid. 402. A piece of evidence is relevant if "it has any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is *substantially outweighed* by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). Balancing the probative value against these trial dangers is extremely fact-sensitive, and therefore "Rule 403 is rarely appropriate as a basis of *pre-trial* exclusion, because a judge cannot ascertain potential relevance until that judge has a virtual surrogate for a trial record." *In re Paoli R.R. Yard PCB Litigation*, 35 F. 3d 717, 747 (3d Cir. 1994); *see also Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997) ("We have also made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*.").

---

[6] *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985); *Konstantopoulous v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997). The five factors the Third Circuit considers when deciding whether evidence should be excluded due to undue surprise are: (1) the prejudice to the other party; (2) the ability of the party to cure the prejudice; (3) the extent of any disruption to the trial by calling the witness; (4) the existence of bad faith or willfulness in failing to comply with a court order; and (5) the importance of the testimony. *Konstantopoulous*, 112 F. 3d at 719. Considering these factors, I will not exclude their testimony for this reason at this time. Defendants' may renew their objection at trial.

[7] Plaintiffs argue that any statements would be statements made by an opposing party, Fed. R. Evid. 801(d)(2), or an unavailable declarant's statement against interest, Fed. R. Evid. 804(a)(4), 804(b)(3).

Here, the Defendants argue that the testimony of Ms. Shmuely and Ms. Hackett is irrelevant and should be excluded because of undue surprise, confusion of the issues, and substantial prejudice. Doc. No. 85, at 7–8. The Plaintiffs contend that the testimony will be relevant to the issues of willfulness and retaliation under the FLSA (and rebuttal of the counterclaims), and that the probative value outweighs any prejudice. Doc. No. 92, at 8–11. Without the benefit of the details of the proposed testimony, and its factual context, I cannot determine the relevance, probative value, and prejudice of the proposed testimony. *See Walden*, 126 F.3d at 518 n.10 ("motions *in limine* often present issues for which final decision is best reserved for a specific trial situation. This is particularly true when the evidence is challenged as irrelevant or prejudicial; the considerations weighed by the court will likely change as the trial progresses." (citations omitted)). I will deny Defendants' motion to exclude, with one exception, explained later. At trial, the Defendants may object to specific evidence. If the objection is based on Rules 401 or 403, both parties should be prepared to make a clear explanation of the evidence's relevance, or lack of relevance, under Rule 401, and of the relationship of the evidence's probative value to its potential for unfair prejudice or the other considerations mentioned in Rule 403.[8]

Regarding the relevance of the documents related to Ms. Shmuely's and Ms. Hackett's proposed testimony, Plaintiffs claim that the emails are relevant to their

---

[8] The parties have not, beyond cursory and generalized allegations, explained why (or why not) the proposed evidence makes a fact of consequence to the determination of the action more (or less) likely. FRE 401. At trial, the Defendants must make a specific objection to specific evidence: a generalized objection is usually unhelpful. In response, the Plaintiffs should make a specific proffer of the inferences to be derived from the evidence, and why its probative value is not substantially outweighed by the various dangers elaborated in Rule 403. The Defendants may then rebut. *See id;* FRE 403, 404(b)(1). The parties should plan on making these arguments out of the presence of the jury, either before the trial day begins or at a break. Sidebars are discouraged.

6

argument that Defendants' financial circumstances are due to Mr. Redding's "mismanagement and improper conduct," not the actions of Mr. van de Kamp, and that Mr. Redding's "default of blaming subordinates for his mistakes." Doc. No. 92, at 11–12. I will permit testimony and documents that tend to prove that the Defendants' losses are not due to the conduct of Mr. van de Kamp, as alleged in the counterclaims, but caused by Mr. Redding's conduct. At least at the general level at which the motions have been argued, this is evidence that negates causation.

I will, however, exclude testimony and documents proffered on the ground of Mr. Redding's tendency to "blam[e] subordinates for his mistakes." At some point bad conduct evidence becomes so attenuated from a fact of consequence to the determination of the case that the only viable inferential connection between the evidence and the fact to be proven is through a nebulous character inference. In this instance, that point of attenuation has been reached. The theory of relevance is that Mr. Redding had an unfortunate character trait which led him to take actions that caused his businesses to fail. Such a theory does not make evidence "irrelevant," under Rule 401. In fact, character evidence may be highly probative. *See Michelson v. United States*, 335 U.S. 469, 475-76 (1948):

> The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice. (Citations and internal quotations omitted)).

This theory of relevance is banned, despite its "admitted probative value," under Rule 404(b)(1). Evidence proffered under this theory will be excluded.

The Defendants' also object to Ms. Shmuely and Ms. Hackett's proposed testimony on the ground that their testimony will include the inadmissible hearsay of former-CFO Limbert. Doc. No. 85. Plaintiffs' respond that the testimony is not hearsay under Federal Rule of Evidence 801(d)(2) (opposing party's statement) or if it is hearsay, then it is admissible as an exception to the hearsay rule.[9] Hearsay is generally not admissible, except as provided by law. Fed. R. Evid. 802.

A determination as to whether a statement is hearsay, or qualifies as an exception to the general prohibition, is dependent on the substance of the statement and the context in which the evidence is presented. To be hearsay, an out-of-court statement must have been intended as an assertion when made by the declarant, and must be introduced for the truth of the proposition of fact embedded in the assertion. *See* Fed. R. Evid. 801(a), (c). Before knowing the exact nature of an out-of-court statement, or the theory of relevance under which it is introduced, I cannot say whether it is hearsay at all, under the definition. *Id.* In addition, "[i]t is difficult for a court to resolve whether various hearsay exceptions apply 'without the benefit of context and the evidentiary record developed at trial." *Tabon v. Univ. of Penn. Health Sys.*, No. 10-cv-2781, 2012 WL 1290453, at *1 n.1 (E.D. Pa. Aug. 8, 2012) (quoting *Weaver v. Mobile Diagnostech, Inc.*, No. 02-1719, 2009 WL 1230297, at *6 (W.D. Pa. Apr. 30, 2009)). Without the benefit of the details of the alleged hearsay, or the context in which the statement is offered, I cannot determine, at this time, whether or not the statement is hearsay or

---

[9] Plaintiff argues that the evidence is admissible under Rule 804(b)(3) (statement against interest), applicable because Mr. Limbert is dead. *See* Rule 804(a)(4) (unavailability due to death).

constitutes an applicable exception to hearsay.[10] I will deny the Defendants' motion to exclude, with leave to revisit the issue at trial.

Lastly, the Defendants object to the testimony Ms. Shmuely and Ms. Hackett (and documents related to their testimony) on the basis that it would be improper "bad acts" evidence. Doc. No. 85, at 9–11. Plaintiffs disagree, arguing that the witnesses' testimony is admissible under the exceptions enumerated in Federal Rule of Evidence 404(b)(2) because they will be used to establish FLSA willfulness and retaliation, as well as to rebut the Defendants' counterclaims. Doc. No. 92, at 10–11. While not referencing Federal Rule 404(b), the Plaintiffs do mention that the related documents are relevant because they provide evidence of the following:

> . . . TSI's dire financial circumstances are not the product of anything Mr. van de Kamp did or did not do but was rather the result of Redding's mismanagement and improper conduct. Particularly relevant are Mr. Limbert's observations that Redding's default of blaming subordinates for his mistakes. Mr. van de Kamp fits this description to a "T" and the jury needs to have this information to have the complete picture of the other potential, and frankly more compelling, reasons why TSI has been such a failure despite Redding's supposed brilliance.

*Id*. at 11–12.

Federal Rule of Evidence 404(b) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *see Michelson*, 335 U.S. at 475-76. However, "other acts" evidence may be

---

[10] Again, in the event any testimony is objected to as inadmissible hearsay at trial, parties' counsel must be prepared to provide the Court with specific arguments as to why the testimony should (or should not) be allowed. The parties should address first whether the statement fits the hearsay definition, under Fed. R. Evid. 801, and then address whether any hearsay exceptions apply. *See, e.g.,* Fed. R. Evid. 803, 804, 807.

presented for another purpose, including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Here, Plaintiffs look to present the testimony, and related documents, of Ms. Shmuely and Ms. Hackett to prove Mr. Redding's "lack of integrity in his business practices" and evidence of his "default of blaming subordinates for his mistake." Doc. No. 81, at 3; Doc. No. 92, at 11– 11. The purpose of introducing this evidence is to establish that these character traits were the cause of Defendants' business failures, as a means of defending against Defendants' counterclaims, which blame Plaintiffs' conduct. Based on the arguments presented, such evidence is inadmissible. Evidence of "other acts" that demonstrate Mr. Redding's character "lacks integrity" or that he "blames subordinates for his own mistakes," in order to prove that he lacked integrity and blamed subordinates in this case, would be improper character evidence. *See* Rule 404(b)(1). This includes Exhibit Nos. 24 and 27. I will exclude Ms. Shmuely's and Ms. Hackett's testimony offered on this basis, with leave to revisit the evidence if it is admissible under another theory.[11]

---

[11] As I mentioned previously, some of the evidence may be admissible because it connects specific conduct to a specific poor business outcome, such that it constitutes evidence negating a causal link between Mr. Van de Kamp's conduct, alleged in the counterclaims, and losses to the Defendants. It also is possible that some of the evidence may be admissible under one or more of Rule 404(b)(2)'s exceptions, so long as no part of the logical chain linking the evidence to a fact of consequence adopts the forbidden character inference. *See United States v. Sampson,* 980 F.2d 883, 887 (3d Cir. 1992). I caution that a "laundry-list" is the kiss of death for 404(b)(2) arguments. *See United States v. Schwartz,* 790 F.2d 1059, 1061 (3d Cir. 1986); *United States v. Saada,* 212 F.3d 210, 223-24 (3d Cir. 2000).

For good cause shown, on this 7th day of December, 2018, upon consideration of Defendants' omnibus motion *in limine* (Doc. No. 85), and the Plaintiffs' response thereto (Doc. No. 92), it is

**ORDERED**

As follows:

1. Defendants' request to exclude Patricia van de Kamp's testimony on the nonpayment for work performed is **DENIED.**

2. Defendant's request to preclude evidence of three years' worth damages under the FLSA is **DENIED WITHOUT PREJUDICE** to reassert this request at trial.

3. Defendants' request to exclude the testimony of Yocheved Shmuely and Debra Hackett is **GRANTED IN PART** with respect to the proposed testimony on Mr. Redding's integrity and "default of blaming subordinates for his own mistakes." The Plaintiffs may re-request to introduce such testimony, at trial, if they are able to prove to the Court that the evidence is admissible under the Federal Rules of Evidence. To the extent their testimony covers any of the other areas identified in Plaintiff's pretrial memorandum, Defendants' request is **DENIED IN PART WITHOUT PREJUDICE** to object to the testimony at trial.

4. Defendants' request to exclude the documents related to the testimony of Yocheved Shmuely and Debra Hackett is **GRANTED IN PART** with respect to Plaintiff's Exhibit Nos. 24 and 27, and any evidence offered to prove Mr. Redding's integrity and "default of blaming subordinates for his own mistakes." The Plaintiffs may re-request to introduce such evidence, at trial, if

they are able to prove to the Court that the evidence is permissible under the Federal Rules of Evidence. To the extent the documents cover any of the other areas identified in Plaintiff's pretrial memorandum, Defendants' request is **DENIED WITHOUT PREJUDICE** to object to the introduction of the evidence at trial.

**BY THE COURT:**

_s/Richard A. Lloret_
RICHARD A. LLORET
U.S. Magistrate Judge